# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

## CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE, PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

LATRIO JENKINS _____ ,

Inmate ID Number: __409697__ , .

_____

*(Write the full name and inmate ID number of the Plaintiff.)*

Case No.: __4:20cv155WSHTC__
*(To be filled in by the Clerk's Office)*

**v.**

MR. RICHARD LAUBAUGH _____ ,

MR. CHRISTOPHER EDELEN _____ ,

CENTURION OF FLORIDA, LLC _____ ,

*(Write the full name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

**Jury Trial Requested?**
☑ YES   ☐ NO

FILED USDC FLND TL
MAR 27 '20 PM2:18

## I. PARTIES TO THIS COMPLAINT

### A. Plaintiff

Plaintiff's Name: Lathio Jenkins          ID Number: 409697

List all other names by which you have been known: Lathio Williams

Current Institution: Taylor Correctional Institution Annex

Address: 8501 Hampton Springs Road, Perry, Florida 32348

### B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *every* Defendant:

1. Defendant's Name: Mr. Richard Laubaugh

   Official Position: Chief Health officer

   Employed at: Centurion of Florida, LLC

   Mailing Address: 5964 US Hwy 90, Live oak, Florida 32060

   ☑ Sued in Individual Capacity          ☐ Sued in Official Capacity

2. Defendant's Name: Mr. Christopher Edelen

   Official Position: Warden, Florida Department of Corrections

   Employed at: Taylor Correctional Institution Annex

   Mailing Address: 8501 Hampton Springs Road

   Perry, Florida 32348

   ☑ Sued in Individual Capacity    ☐ Sued in Official Capacity

3. Defendant's Name: John Doe

   Official Position: Medical Provider

   Employed at: Centurion of Florida LLC

   Mailing Address: 5964 US Hwy 90, Live oak, Florida 32060

   ☐ Sued in Individual Capacity    ✔ Sued in Official Capacity

   *(Provide this information for all additional Defendants in this case by attaching additional pages, as needed.)*

## II. BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), you may sue federal officials for the violation of certain Constitutional rights.

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)     ☑ State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate whether you are a prisoner, detainee, or in another confined status:

☐ Pretrial Detainee     ☐ Civilly Committed Detainee

☑ Convicted State Prisoner     ☐ Convicted Federal Prisoner

☐ Immigration Detainee     ☐ Other *(explain below)*:

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* which show why you are entitled to relief. Describe how *each* Defendant was involved and what each person did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal argument, quote cases, cite to statutes, or reference a memorandum.*** You may make copies of the following page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages

should be attached. *Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.*

This 42 U.S.C. § 1983 Civil Complaint is being initiated by Lathio Jenkins (hereinafter "Plaintiff") a disable incarcerated person who suffer from constant Chest pain, and Edema in his lower left ankle. The Plaintiff submits that evidence in this case will provide that this irreversible condition can be directly attributed to an unreasonable delay in medical need, and treatment which was cause by a deliberate indifference to a serious medical need, and that the defendants' reckless disregard in the face of ongoing urgent complaints clearly violate the Eighth Amendments' prohibition against cruel and unusual punishment. Plaintiff have been diagnosed with Edema and I'm suffering from constant pain and mental anguish from worry about complications due to the failure to treat my diagnosed condition. Defendant, Richard Laubaugh knew about my Edema in the lower left ankle and ignore an excessive risk of harm and fail to take reasonable steps to eliminate the risk. Plaintiff hereinafter cite this "Institution's Medical Department" for

**Statement of Facts Continued** *(Page ___ of ____)*

Violation of all rules, regulations, procedure and laws, when defendant Richard Laubaugh, failed to provide proper medical care and displayed a purposeful deliberate indifference to my serious medical needs, this constitutes a Eighth Amendment Violation of Cruel and unusual punishment due to deliberate indifference and constitutes a violation of my medical rights for failure to treat my diagnosed condition. During Plaintiff's effort to exhaust his administrative remedies and receive the medical attention he needed, he learned that Centurion of Florida, LLC, (hereinafter "Centurion") maintained a policy which contributed to his delay in care. Specially, in response to a medical grievance seeking Edema care. the Plaintiff submits that Centurion is liable in its official capacity for maintaining such policy while acting under color of state law. The unwritten policy that inmate must come to sick-call of minimum of three (3) times complaining of same medical issue in order to be seen by the doctor (CHO).

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated.  Be specific.  If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section III.  If more than one Defendant is named, indicate which claim is presented against which Defendant.

The Eighth Amendment prohibition against cruel and unusual punishment protect a prisoner from deliberate indifference to serious medical needs where a delay in treating the need worsen the condition.

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court.  Do not make legal arguments or cite to cases/ statutes.  If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

The Plaintiff is seeking compensatory and punitive damages totaling $150,000.00 for physical injury and disability effecting his quality-of-life.

**ATTENTION:** *The Prison Litigation Reform Act ("PLRA") does not permit awards for punitive or compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e).*

## VII.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

The PLRA requires that prisoners exhaust all available administrative remedies *(grievance procedures)* before bringing a case.  42 U.S.C. § 1997e(a).  **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.*

## VIII.   PRIOR LITIGATION

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a "strike"?

☐ YES   ☑NO

If you answered yes, identify the case number, date of dismissal and court:

1. Date: _____ Case #: _____

   Court: _____

2. Date: _____ Case #: _____

   Court: _____

3. Date: _____ Case #: _____

   Court: _____

*(If necessary, list additional cases on an attached page)*

B. Have you filed other lawsuits in either *state or federal court* dealing with the same facts or issue involved in this case?

☐ YES   ☑NO

If you answered yes, identify the case number, parties, date filed, result *(if not still pending)*, name of judge, and court for each case *(if more than one)*:

1. Case #: _____ Parties: _____

Court: _____ Judge: _____

Date Filed: _____ Dismissal Date *(if not pending)*: _____

Reason: _____

2.  Case #: _____ Parties: _____

Court: _____ Judge: _____

Date Filed: _____ Dismissal Date *(if not pending)*: _____

Reason: _____

C.  Have you filed any other lawsuit in federal court either challenging your

conviction or otherwise relating to the conditions of your confinement?

☐ YES   ☑NO

If you answered yes, identify all lawsuits:

1.  Case #: _____ Parties: _____

Court: _____ Judge: _____

Date Filed: _____ Dismissal Date *(if not pending)*: _____

Reason: _____

2.  Case #: _____ Parties: _____

Court: _____ Judge: _____

Date Filed: _____ Dismissal Date *(if not pending)*: _____

Reason: _____

3.  Case #: _____ Parties: _____

Court: _____ Judge: _____

Date Filed: _____ Dismissal Date *(if not pending)*: _____

Reason: _____

4. Case #: _____ Parties: _____

   Court: _____ Judge: _____

   Date Filed: _____ Dismissal Date *(if not pending)*: _____

   Reason: _____

5. Case #: _____ Parties: _____

   Court: _____ Judge: _____

   Date Filed: _____ Dismissal Date *(if not pending)*: _____

   Reason: _____

6. Case #: _____ Parties: _____

   Court: _____ Judge: _____

   Date Filed: _____ Dismissal Date *(if not pending)*: _____

   Reason: _____

*(Attach additional pages as necessary to list all cases. **Failure to disclose all prior cases may result in the dismissal of this case.**)*

## IX. CERTIFICATION

I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct. Additionally, as required by Federal

Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: **3/26/20** Plaintiff's Signature: _Lathio Jenkins_

Printed Name of Plaintiff: **Lathio Jenkins**

Correctional Institution: **Taylor Correctional Institution Annex**

Address: **8501 Hampton Springs Road**

**Perry, Florida 32348**

**I certify and declare, under penalty of perjury, that this complaint was (*check one*) ☑ delivered to prison officials for mailing or ☐ deposited in**

the prison's mail system for mailing on the _26ᵀ̲ᴴ̲_ day of _March_ ,
20 _20_ .


Signature of Incarcerated Plaintiff: _Lathio Jenkins_ _____

# EXHIBIT
# 'A'

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

1907-218-080

TO: ☑ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| Jenkins, Lothio | 409697 | Taylor Corr. Inst. /Annex |
|---|---|---|
| Last / First / Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance**

I, inmate Jenkins, Lothio #DC#409697, submit this formal grievance in accordance with the Florida Administrative Code, Chapter 33-103.006(e), and pursuant to the auspices and dictates of any and all applicable, rules, regulations, procedures and laws. Subject, but not limited to Chapter 33-602.101(9), I hereinafter cite this Institution's Medical Department for a violation of all of the above rules, regulations, procedures and laws. When they failed to provide proper medical care and displayed a purposeful deliberate indifference to my serious medical needs. As under the constitution, prison officials need provide care for "serious medical" needs. Estelle V. Gamble, 429 U.S. 97, 104, 97 S. ct. 285 (1976). Many Courts has held that as serious medical need is "one that has been diagnosed by a physican as mandatory treatment or one that is as obvious that even a lay person would easily recognize the necessity of a doctor's attention. Brown v. Johnson, 387 F. 3d 1344, 1351 (11th Cir. 2004). I, inmate Jenkins, Lothio #DC#409697, have been diagnosed with "edema" which is a serious medical problem that causes Kidneys failure, liver disease, and heart failure. I am suffering from constant pain and mental anguish from worry about complications due to the failure to treat my diagnosed condition. This constitutes a Eighth Amendment violation of Cruel and unusual punishment due to deliberate indifference. This grievance constitutes a violation of my medical rights and therefore should be immediately resolved by the institution by ordering the health care provider to treat my "edema" and its coinciding medical issue. Some factors courts have considered in determing whether a serious medical need is at issue. "(1) whether a reasonable doctor or patient would perceive the medical need in question as important and worthy of comment or treatment; (2) whether the medical condition significantly affects daily activities; and (3) the existence of chronic and substantial pain." Brock v. Wright, 315 F. 3d 158, 162 (2nd Cir. 2003). I grieve...

| July 15, 2019 | Lothio Jenkins #409697 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

---

***BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** ____ / ____

# / Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

~~RECEIPT FOR APPEALS BEING FORWARDED~~    DFA

JUL 16 2019

**Receipt for Appeals Being Forwarded to Central Office**

Submitted by the inmate on: _____ (Date)

Institutional Mailing Log #: 1907-218-080

H. Raison (Received By)

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|---|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Effective 11/13)    Incorporated by Reference in Rule 33-103.006, F.A.C.

**PART B - RESPONSE**

| JENKINS, LATHIO | 409697 | 1907-218-080 | TAYLOR ANNEX | K3222U |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

CONFIDENTIAL HEALTH RECORD/ CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE OR FEDERAL LAW.

Your request for Administrative Remedy or Appeal was received, reviewed and evaluated.

Treatment is provided at the discretion of the provider. You were seen and evaluated by the provider on 6/27/19. Labs were ordered. Adequate care has been provided. If you are having any other issues or your symptoms worsen, you may access the sick call system.

Therefore, based on the above information your request for Administrative Remedy or Appeal is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachments as required by Chapter 33-103.007(3) (a) and (b), and forwarding your complaint to the Florida Department of Corrections 501 South Calhoun St. Tallahassee, FL 32399.

Richard Laubaugh
Chief Health Officer

Christopher Edelen
Warden

SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

7-29-18
DATE

MAILED
7-29-19

# EXHIBIT
# 'B'

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

Med

RECEIVED

AUG 28 2019

Department of Corrections
Inmate Grievance Appeals

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☐ Warden          ☐ Assistant Warden          ☑ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| Jenkins, Lathio | | | 409697 | Taylor Corr. Inst./Annex |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

| Part A – Inmate Grievance | 19-6-31589 |
|---|---|

I, inmate Jenkins, Lathio # DC# 409697, submit this appeal in accordance to CH. 33-103.006, and CH. 33-103.006(e) Florida Administrative Code, and pursuant to the auspices and dictates of any and all applicable, rules, regulations, procedures and laws, subject, but not limited to CH. 33-602.10(1(a)), I herein-after cite this Institution's Medical Department for a violation of all of the above rules, regulations, procedures and laws, when they failed to provide proper medical care and displayed a purposeful deliberate indifference, to my serious medical needs, as of June, 27 2019. I was seen and evaluated by the provider Mr. Richard Lowbaugh, Chief Health Officer. I, inmate, Jenkins, Lathio #DC# 409697 have been diagnosed with "Edema" which is a serious medical need that can cause kidney's failure, liver disease, and heart failure. I am suffering from constant pain, and mental anguish from worry about complications due to the failure to treat my diagnosed condition. See, Brown v. Johnson, 387 F. 3d 1344, 1351(11th Cir. 2004)( Many Courts has held that a serious medical need is "one that has been diagnosed by a physican as mandatory treatment or one, that is as obvious that even a lay person would easily recognized the necessity of a doctor's attention") Also, in either V. Engel Ke, 943 F. 2d 921, 924 (8th Cir 1981)( "the scope of Eighth Amendment protection is broader than the mere infliction of physical pain", evidence of fear, mental anguish, and misery "can establish the requisite, in-jury (or a) Eighth Amendment claim"; see McEllgot v. Foley, 182 F. 3d 1248, 1258-57 (11th Cir. 1999)(holding failure, to treat pain, could constitute, delib-erate indifference). This constitutes a Eighth Amendment violation of Cruel and Unusual punishment due, to deliberate, indifference. This grie-vance, Constitutes a violation of my medical rights and therefore should

| August 5, 2019 | Lathio Jenkins 409697 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

| Ø | / | |
|---|---|---|
| # | | Signature |

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C 33-103.007 (6)(d).

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: 8/22/19 (Date)          Institutional Mailing Log #: _____

(Received By) 224    7H

1907-218-080 (LATE)

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|---|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Effective 11/13)          Incorporated by Reference in Rule 33-103.006, F.A.C.

From: Jenkins, Lathio                409697              Taylor Corr. Inst. Annex
      Last      First   Middle Initial   DC Number              Institution

### Inmate Grievance Continued

be immediately resolved by the institution by ordering the health care provider to treat my "Edema" and its coinciding medical issue. Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)(Under the Constitution, Prison official's need to provide care for "serious medical needs). The Eighth Amendment entitled inmate's to freedom from Cruel and unusual punishment. This means that prison official Cannot show deliberate indifference to a serious medical Condition. The medical official must Know of and ignore an excessive risk of harm and fail to take reasonable steps to eliminate the risk. A serious need exists when a Condition Could result in further significant injury or the unnecessary and unjustifiable infliction of pain. Some factors Courts look at (1) whether a reasonable doctor or patient would perceive the medical need in question as important and worthy of comment or treatment: (2) Whether the medical Condition significantly affects daily activities; See McGuckin v. Smith, 974 F.2d at 1050, 1060 (9th Cir. 1992); and (3) the existance of Chronic and substantial pain. Lavender v. Lampert, 242 F.Supp.2d 821, 845 (D. Or. 2002). I grieve...

August 5, 2019                    Lathio Jenkins 409697
       DATE                  SIGNATURE OF GRIEVANT AND DC#

MAILED/FILED
WITH AGENCY CLERK

SEP 11 2019

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| JENKINS, LATHIO | 409697 | 19-6-31589 | TAYLOR ANNEX | K3222U |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Returned without Action:

Your request for administrative appeal has been received in non-compliance with Chapter 33, "Appeals must be received in the Office of the Secretary within 15 calendar days of the institutional response."

Based on the above information, your appeal is returned without action.

CONFIDENTIAL
THIS DOCUMENT MAY CONTAIN CONFIDENTIAL HEALTH RECORD/ CARE INFORMATION INTENDED FOR THIS ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Michelle Schouest, IISC

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

amended response
Provided on 1/22/2020

WITH AGENCY CLERK

JAN 2 2 2020

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| JENKINS, LATRIO | 409697 | 19-6-31589 | TAYLOR ANNEX | K3222U |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Amended Response:

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

It is determined that the response made to you by Dr. Laubaugh on 7/29/19 appropriately addresses the issue you presented.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Michelle Schouest, IISC

| *Michelle Schouest* | *T. Bowden* | 1 22 19 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

**Bowden, Toni**

FILE INFORMATION ONLY
DO NOT SEND TO INMATE

| | |
|---|---|
| **From:** | Bowden, Toni |
| **Sent:** | Tuesday, January 14, 2020 10:12 AM |
| **To:** | Yates, Rebecca |
| **Subject:** | Jenkins, Lathio #409697 |

Rebecca,

Here is another one that was sent back to us by an attorney and we have to provide an amended response (19-6-31589). The institution is admittedly not stamping sealed envelopes with a received date and we have to accept the inmate's word for when it was put in the grievance mailbox.

If you need me to scan a copy I can.

Thanks,

tb

1

Cedric Jenkins #408,617 / K3-222U

Taylor Correctional Institution / Annex

8687 Hampton Springs Road

Perry, Florida 32348

LEGAL MAIL

CHECKED MAR 27 2020

MAILED FROM A
STATE CORRECTIONAL
INSTITUTION

c/o. United States District Court

Northern District of Florida

111 N. Adams Street, Ste. 232

Tallahassee, Florida 32301-7130

LEGAL MAIL



U.S. POSTAGE >> PITNEY BOWES

ZIP 32348 $ 007.50°
02 4W
0000359797 MAR 26 2020

OUTGOING LEGAL MAIL
PROVIDED TO TAYLOR C.I. FOR
MAILING ON

DATE (MAILROOM-ANNEX) OFFICER INT.