UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LATHIO JENKINS,

    Plaintiff,

v.                                              Case No. 4:20cv155-WS-HTC

RICHARD LAUBAUGH,
CHRISTOPHER EDELEN,
CENTURION OF FLORIDA LLC,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint in this action, seeking to assert claims under 42 U.S.C. § 1983. ECF Doc. 1. The complaint was referred to the undersigned for preliminary screening under 28 U.S.C. §§ 1915(e)(2) and 1915A. As discussed herein, the undersigned respectfully recommends that this action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to disclose at least five (5) federal cases he previously filed.

Plaintiff's complaint was filed using this Court's official civil rights complaint form for prisoners in 42 U.S.C. § 1983 actions. ECF Doc. 1. At the end of the complaint, Plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and

correct." *Id.* at 11.  Despite that declaration, Plaintiff made a false representation on the complaint.

Section VIII. C of the complaint, titled "PRIOR LITIGATION" asks: "Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" *Id.* at 10.  The form requires Plaintiff to identify and describe any cases responsive to the question.

Plaintiff marked "No" in response to the question and did not disclose any cases.  Thus, Plaintiff swore that, at the time he filed his complaint on March 26, 2020, he had not filed any prior federal cases related to the fact or manner of his incarceration, including habeas corpus petitions, or the conditions of his confinement.  Plaintiff's representation to the Court, however, was not truthful or accurate.  To the contrary, at the time Plaintiff filed his complaint, Plaintiff had filed at least five (5) prior cases in federal court challenging his conviction or relating to the conditions of his confinement.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete its complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction.  The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.  Upon such an investigation in this case, the undersigned

discovered that, at the time Plaintiff filed his complaint, he had filed under his name and Florida Department of Corrections Registration Number, 409697, at least the following undisclosed actions:

> *Jenkins v. Bedard et al*, 2:12-cv-00074-JES-UAM (M.D. Fla.) (Eighth amendment cruel and unusual punishment case dismissed for failure to prosecute)
>
> *Jenkins v. Jones et al*, 2:11-cv-00330-UA-SPC (M.D. Fla.) (Eighth amendment conditions of confinement case dismissed for failure to prosecute)
>
> *Jenkins v. Florida Department of Corrections et al*, 1:06-cv-22886-SH (S.D. Fla.) (habeas petition dismissed as successive)
>
> *Jenkins v. Dept. of Corrections*, 1:96-cv-02101-UU (S.D. Fla.) (habeas petition dismissed as successive)
>
> *Jenkins v. Dept. of Corrections, et al*, 1:95-cv-02170-WDF (S.D. Fla.) (original habeas petition challenging 1994 conviction, denied on merits)

Plaintiff did not disclose these federal actions despite the complaint form's clear instructions.

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Here, Plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "***Failure to disclose all prior cases may result in the dismissal of this case.***" ECF Doc. 1 at 11 (emphasis in original). If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for him attempt to evade or undermine the purpose of the form. The Court should not allow Plaintiff's false responses to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one prior federal case).

Accordingly, it is respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. §§ 1915(e)(2) and 1915A.

2. The clerk be directed to close the file.

Done in Pensacola, Florida, this 6th day of May, 2020.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.